UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLEN ELISABETH SMITH, as sole proprietor of
LEGAL PUBLICATION SERVICES, d/b/a
MINE SAFETY AND HEALTH NEWS,
     888 Pittsford Mendon Center Rd,
     Pittsford, New York, 14534

     Plaintiff,

     v.                           Case No.:

UNITED STATES DEPARTMENT OF LABOR
and its components the OFFICE OF INSPECTOR
GENERAL, and the MINE SAFETY & HEALTH
ADMINISTRATION,
     200 Constitution Avenue, N.W.
     Washington, D.C. 20210

     Defendants.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Ellen Elisabeth Smith, as sole proprietor of Legal Publication Services d/b/a

*Mine Safety and Health News* (collectively referred to as "*Mine Safety and Health News*"), sues

the Department of Labor and its components the Office of Inspector General ("OIG") and the

Mine Safety & Health Administration ("MSHA") (collectively referred to as the "Department")

and states as follows:

## INTRODUCTION

1.     This action is brought pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, as amended, for declaratory, injunctive, and other appropriate relief, seeking

principally, the immediate production of records concerning the Martin County Coal Corporation

Accident Investigation Report (the "Report"). The Report was created in response to the October

11, 2000 accident in Martin County, Kentucky, in which the mine seals protecting the bottom of a coal sludge impoundment broke into an abandoned underground mine below, releasing coal slurry from the mine openings, and sending an estimated 306 million gallons of sludge down two tributaries of the Tug Fork River. The Report addresses the Department's investigation into a government whistleblower's allegation of a cover-up regarding the accident.

2.     The FOIA requests at issue in this Complaint were precipitated by the Office of Inspector General's Martin County Coal Corporation Accident Investigation and Report pursuant to 18 U.S.C. §1505 (obstruction of proceedings). OIG conducted an investigation of the alleged cover-up, which included numerous documents as exhibits from the Department, including many specifically from MSHA. *Mine Safety and Health News* requested the entire Report, inclusive of its Table of Contents and all supporting exhibits.   However, the Department has unlawfully withheld substantial portions of the Report, and has refused to release substantial portions of the Table of Contents and supporting exhibits.   The information requested by *Mine Safety and Health News* is subject to public disclosure under FOIA.   Nevertheless, the Department has failed to respond or produce responsive records in a timely fashion.

3.     *Mine Safety and Health News* seeks: (i) a declaration that the records sought are subject to disclosure under FOIA; (ii) affirmative injunctive relief requiring the Department to produce all responsive records; and (iii) an award of reasonable attorneys' fees and other litigation costs.

## PARTIES

4.     Ellen Elisabeth Smith is a resident of New York and is the sole proprietor of Legal Publication Services d/b/a *Mine Safety and Health News*, with its office at 888 Pittsford Mendon Center Rd, Pittsford, New York, 14534. Ms. Smith is the Managing Editor of *Mine*

*Safety and Health* News, a bi-weekly newsletter reporting on all activities affecting the mining industry and the health and safety of its workforce, including monitoring the activities of the Department and MSHA.

5.      Defendant United States Department of Labor is a department within the executive branch of the United States government.  Defendant Office of Inspector General is a component unit of the Department of Labor and is responsible for internal administration and oversight of the Department of Labor.  Defendant Mine Safety and Health Administration is a component the Department of Labor and is responsible for administration and oversight of the coal mining industry.  All Defendants are agencies of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The Department has possession and control of the records requested by *Mine Safety and Health News*.

### JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of this action and personal jurisdiction over the Department pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) because the FOIA requests in question were propounded upon the Department's District of Columbia office and all documents, materials and things requested, but not yet produced, are believed to be located in the Department's Washington, D.C. offices.

### GENERAL ALLEGATIONS

#### *Mine Safety and Health News'* January 20, 2009 FOIA Request.

8.      *Mine Safety and Health News* submitted a FOIA request to the Department on January 20, 2009, seeking "a copy of the Martin County Coal Corporation Accident

Investigation, given to the Assistant Secretary of Labor for Mine Safety and Health on or about Dec. 9, 2002 (issue date) by the Office of the Inspector General. The IG File No. is: 11-0801-0006-PC." A copy of this request is attached as Exhibit A.

9.     The Department received this request on January 21, 2009, and assigned it case number 29022. A copy of this letter is attached as Exhibit B.

10.     Although the Report requested in the January 20, 2009 FOIA request was easily and readily identified and produced, the Department by letter dated January 23, 2009, denied the request in part by releasing only a portion of the records responsive to the request. *See* Ex. B. The Department responded with an incomplete, heavily redacted copy of the Report, citing only conclusory and vague references to various FOIA exemptions to justify its substantial withholdings. *Id.* Importantly, the Department failed to attach either the table of contents or any supporting exhibits. *Id.*

11.     The Department failed to specifically identify the reasons why a particular exemption is relevant and further failed to correlate those claims with the particular part of a withheld document to which such exemption applies.

12.     The Department also failed to provide the reasonably segregable portions of the withheld records as required by 5 U.S.C. § 552(b).

13.     The Department advised *Mine Safety and Health News* of its right to appeal the Department's actions and failure to produce the requested documents, and accordingly, on February 5, 2009, *Mine Safety and Health News* filed a timely appeal of the denial of its January 20, 2009 FOIA request. A copy of this appeal is attached as Exhibit C.

14.     Plaintiffs' appeal also indicated that the Department was compelled to release the entire report as provided by the Federal Mine Safety and Health Act of 1977 ("Mine Act"), 30

U.S.C. § 801 *et seq.* Specifically, § 813(h) expressly provides that "all records, information, reports, findings, citations, notices, orders, or decisions required or issued pursuant to or under this chapter may be published from time to time, may be released to any interested person, *and shall be made available for public inspection.*" *Id.* (emphasis added).

15. On November 16, 2009, *Mine Safety and Health News'* appeal, assigned reference number 090129, was denied in part, and granted in part, and limited additional information was released. A copy of this denial is attached as Exhibit D.

16. In denying the appeal, the Department in blanket fashion asserted Exemption 5 for the majority of redactions, withheld names of public officials under Exemption 7(c) and refused to produce additional segregable information within the Report. *Id.* Moreover, the Department provided no index of the redactions or any other means for *Mine Safety and Health News* to reasonably evaluate the legitimacy of the Department's withholdings. *Id.* The Department also dismissively concluded that the Mine Act imposed upon it no higher degree of transparency, as required by law, and instead asserted that *Mine Safety and Health* News—and not the Department—had the burden to prove the Report was in fact a "public document." *Id.*

*Mine Safety and Health News'* **December 13, 2009 FOIA Request.**

17. Due to the Department's failure to provide the table of contents and supporting exhibits to the Report, on December 13, 2009, *Mine Safety and Health News* specifically requested via fax a complete copy of:

> "1.) Exhibit1 through Exhibit 50, (1-50) of the Martin County Coal Corp. Accident Investigation, File No. 11-0801-0006-PC, Memorandum of Investigation conducted by the Washington Regional Office and dated Dec. 12, 2002. This is a request for ALL exhibits for this report.
>
> 2.) The Table of Contents of the Martin County Coal Corp. Accident Investigation, File No. 11-0801-0006-PC, Memorandum of Investigation conducted by the Washington Regional Office and dated Dec. 12, 2002."

A copy of this request is attached as <u>Exhibit E</u>.

18.     On March 8, 2010, the Department acknowledged receipt of the December 13, 2009 FOIA request, assigned it case number 210019, and advised that the Department's initial response would not be provided until the "end of 2010" due in part to "weather related government closing in February." A copy of this letter is attached as <u>Exhibit F</u>.

19.     On March 15, 2010, after three months of the Department's failure to respond to the December 13, 2009 FOIA request, counsel for *Mine Safety and Health News* demanded the Department's compliance with FOIA and the immediate release of the requested documents. A copy of this letter is attached as <u>Exhibit G</u>.

20.     Then, on April 15, 2010—four months after the December 13, 2009 request, and over a year after the initial request for the Report—the Department responded to the December 13, 2009 request by letter, attached as <u>Exhibit H</u>. Of the table of contents and numerous exhibits requested, the Department's initial response disclosed 99 pages with significant deletions and redactions, and entirely withheld 106 pages that were allegedly referred to MSHA for "release determination." Once again, the Department blanketedly withheld information on the basis of Exemption 6 and 7(C), without providing an index or any other means for *Mine Safety and Health News* to reasonably evaluate the legitimacy of the Department's withholdings.

21.     On April 16, 2010, MSHA's FOIA officer, Lanesia Washington, called undersigned counsel for *Mine Safety and Health News* Drew E. Shenkman, and assured him that MSHA's response regarding the 106 pages yet to be disclosed would be made by April 19, 2010.

22.     On April 22, 2010, Ms. Washington emailed undersigned counsel stating that MSHA's evaluation would "take longer to fulfill" but that the "documents are currently in the

final stages of review and clearance." Finally, Ms. Washington estimated that the documents would be received within 14 days. A copy of this email is attached as <u>Exhibit I.</u>

23.    On May 27, 2010, *Mine Safety and Health News* filed a timely appeal for the Department's unjustified redactions on the 99 pages of table of contents and exhibits disclosed, and the constructive denial of MSHA's total failure to disclose any portion of the 106 pages of documents. A copy of this appeal is attached as <u>Exhibit J.</u>

24.    Specifically, the Department generally cited to Exemption 6 and 7(c) on the grounds of "unwarranted invasion of privacy," yet the Department's wholesale redactions clearly go beyond simply removing names and details of personal information. Indeed, these exemptions only apply where the individuals' privacy interests outweigh the public's interest in disclosure, however, the Department failed to make any such analysis.

25.    The Department failed to specifically identify the reasons why these particular exemptions were relevant and further failed to correlate those claims with the particular part of a withheld document to which such exemption applies.

26.    Indeed, as of the filing of this Complaint, *Mine Safety and Health News* has never received a <u>single</u> page of the 106 pages of documents promised by MSHA, subject to FOIA and the Mine Act, 30 U.S.C. § 813(h).

27.    Accordingly, *Mine Safety and Health News* considers its administrative remedies constructively exhausted by virtue of the Departments severe and unjustifiable delay. The Department failed to timely respond in good faith and, upon information and belief, knowingly delayed its response in an effort to shield information from the public and *Mine Safety and Health News*.

28.     On June 8, 2010, the Department acknowledged receipt of *Mine Safety and Health News'* appeal and assigned it appeal reference number 100232.  A copy of this letter is attached as <u>Exhibit K</u>.

29.     Pursuant to § 552(a)(6)(A)(ii), the Department had twenty (20) days, excluding Saturdays, Sundays and legal holidays, to make a determination on the appeal.  As such, the Department's response to *Mine Safety and Health News'* administrative appeal of its December 13, 2009 FOIA request was due on June 28, 2010.

30.     As of the date of filing of this Complaint, *Mine Safety and Health News* has not received a determination of the administrative appeal.

31.     The Department failed to respond to the administrative appeal in the time frame provided by FOIA.  Therefore, *Mine Safety and Health News* has exhausted its administrative remedies with respect to this request and is entitled to bring this suit.  § 552(a)(6)(C).

32.     The Department also failed to provide the reasonably segregable portions of the withheld records as required by 5 U.S.C. § 552(b).

## CLAIMS FOR RELIEF

### COUNT I
**(Declaratory Judgment- Failure to Produce Records- 5 U.S.C. §552)**

33.     *Mine Safety and Health News* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

34.     FOIA requires that, upon proper request for disclosure of records, an agency "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3).

35.     The documents referenced above are agency records within the Department's control.

36.     *Mine Safety and Health News*, through its Owner and Managing Editor Ellen Smith, properly requested production of said documents. *Mine Safety and Health News*, as a news agency reporting on the mining industry, is entitled by law to obtain copies of the said documents.

37.     The Department has failed to produce the documents in violation of FOIA.

38.     *Mine Safety and Health News* requests a declaratory judgment that the Department has violated FOIA and that *Mine Safety and Health News* is entitled to immediately receive the documents referenced above.

## COUNT II
### (Injunctive Relief for Failure to Produce Records Under FOIA- 5 U.S.C. §552)

39.     *Mine Safety and Health News* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

40.     FOIA provides this Court with "jurisdiction to enjoing [the Department] from withholding agency records and to order the production of any agency records improperly witheld from the complainant." 5 U.S.C. § 552 (a)(4)(B).

41.     The documents referenced above are agency records within the Department's control.

42.     *Mine Safety and Health News*, through its Owner and Managing Editor Ellen Smith, properly requested production of said documents. *Mine Safety and Health News*, as a news agency reporting on the mining industry, is entitled by law to obtain copies of the said documents.

43.     The Department has failed to produce the documents in violation of FOIA. § 552 (a)(3)(A).

44.     *Mine Safety and Health News* requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court enjoin the Department from withholding the documents referenced above, and that it order the Department to immediately produce the documents to *Mine Safety and Health News*.

**COUNT III**
**(Failure to provide a *Vaughn* Index)**

45.     This is an action pursuant to 5 U.S.C. § 552.

46.     *Mine Safety and Health News* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

47.     The Department failed to adequately articulate with particularity a basis for the FOIA exemptions asserted.   With respect to both FOIA requests, a *Vaughn* Index was not provided, and the Department failed to provide any explanation as to how the withholding entire portions of documents correlates specifically and unambiguously to a corresponding FOIA exemption.

**COUNT IV**
**(Failure to provide the reasonably segregable portions of records requested)**

48.     This is an action pursuant to 5 U.S.C. § 552.

49.     *Mine Safety and Health News* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

50.     The Department failed to provide any of the reasonably segregable portions of the records in question as required by 5 U.S.C. § 552(b).

**REQUEST FOR RELIEF**

WHEREFORE, *Mine Safety and Health News* respectfully requests that this Court:

(A)     Declare that the Department's failure to provide responsive documents is unlawful under FOIA;

(B)     Declare that the Department's failure to make a timely determination with respect to *Mine Safety and Health News* FOIA requests is unlawful under FOIA;

(C)     Declare that the Department's failure to make a timely determination with respect to *Mine Safety and Health News* FOIA appeal is unlawful under FOIA;

(D)     Enter an affirmative injunction that directs the Department to produce the requested records to *Mine Safety and Health News*, as provided by 5 U.S.C. § 552(a)(4)(B), unredacted and without any further delay;

(E)     Award *Mine Safety and Health News* its costs and reasonable attorneys' fees in this action, as provided by 5 U.S.C. § 552(a)(4)(E); and

(F)     Grant such other and further relief as this Court may deem just and proper.

Dated: July 23, 2010.

Respectfully Submitted,

**HOLLAND & KNIGHT LLP**

Charles D. Tobin #455593
Drew E. Shenkman # 989900
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Telephone:  (202) 955-3000
Facsimile: (202) 955-5564

*Counsel for Ellen Elisabeth Smith as sole proprietor of Legal Publication Services d/b/a . Mine Safety and Health News*

By:     _____
        Charles D. Tobin